UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EARLENE JENKINS,

                              1:20-cv-05478-VSB

          Plaintiff,

    -against-                          **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

NALCO WATER, ECOLAB, AMC SERVICES, LLC, and
MANITOWOC ICE,

          Defendants.
------------------------------------------------------------------X

       Defendants may disclose certain Confidential Information to the parties in this action pursuant to discovery. Plaintiff Earlene Jenkins, and the defendants agree to enter into this Stipulated Confidentiality Agreement and Protective Order for the purpose of facilitating and expediting the discovery process and to prevent the court from having to conduct separate hearings on the information sought to be protected. In order to protect their proprietary interests and trade secret information, the defendants wish to ensure that any such Confidential Information shall not be used for any purpose other than this action and shall not be made public or disseminated by any party or their counsel, except as set forth in this Stipulated Confidentiality Agreement and Protective Order (hereinafter "Stipulated Protective Order" or "Order").

       The defendants represent that all documents, testimony, and/or other items to be produced pursuant to this Stipulated Confidentiality Agreement and Protective Order contain trade secret, proprietary and/or Confidential Information. The disclosure of Confidential Information would necessarily result in serious harm to the defendants. Accordingly, the parties stipulate to the following:

       1.    Documents or information to be produced or provided in this litigation that contain confidential, commercially sensitive, private personal information and/or proprietary information may be designated as confidential by marking or placing the applicable notice "Subject to Protective

4824-1490-7366.1

Order," or "Confidential," or substantially similar language on media containing the documents, on the document itself, or on a copy of the document, in such a way that it does not obscure the text or other content of the document.

2. As used in this Order, the terms "documents" or "information" mean all written material, electronic data, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise).

3. Documents or information designated as "Subject to Protective Order," or "Confidential" or substantially similar language in accordance with the provisions of this Order ("Protected Documents" or "Protected Information") shall only be used, shown or disclosed as provided in this Order. However, nothing in this Order shall limit a party's use or disclosure of his or her own information designated as a Protected Document or Protected Information.

4. If a receiving party disagrees with the "Protected" designation of any document or information, the party will notify the producing party in writing and identify the challenged document(s) with specificity, including Bates-number(s), and the specific grounds for the objection to the designation. If any party contends, in writing, that any document, material, ESI, or other thing has been erroneously designated as Confidential Information, the party who designated the information as Confidential Information shall initiate a meet and confer within ten (10) days of receipt of a written notice challenging the designations and the parties shall make a good faith effort to resolve issues relating to such designations. The receiving party shall make a good faith effort to resolve the dispute with the producing party and shall provide the producing party the opportunity to revise its designation(s) before raising the issue with the Court. If the parties are unable to resolve the issue of confidentiality regarding the challenged document(s), the receiving party will, within 30 days of providing the written notice of the challenged document(s), apply to the Court to set a

hearing for the purpose of challenging the confidential designation of the document(s). Protected Documents will continue to be treated as such pending determination by the Court as to the confidential status. The burden of showing and proving that any Protected Documents contain confidential information is on the party making the claim of confidentiality.

5. Protected Documents and any copies thereof shall be maintained confidential by the receiving party and any persons authorized to receive the documents pursuant to paragraph 6 and shall not be used or disclosed by the parties, counsel for the parties, experts, or any other person identified below in paragraph 6 for any purpose whatsoever, other than preparing for and conducting the litigation in which the documents were disclosed.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties in this litigation, and the parties in this litigation;

    b. Paralegals and staff employed by Counsel of Record and involved in the preparation and trial of this action;

    c. A vendor hired by a party to host data and maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case;

    d. Experts and non-attorney consultants retained by the parties for the preparation and/or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Defendants or any producing party; and

    e. The Court, the Court's staff, court reporters, witnesses, and the jury in this case.

7. The receiving party must make reasonable efforts to ensure the individuals described in paragraphs 6(b), 6(c), and 6(d) above are Qualified Persons, and that the Qualified Persons understand the requirements of this Protective Order. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(c) and 6(d) shall execute a "Written Acknowledgement" in the form contained in Exhibit A, attached hereto.

8. The receiving party shall retain each such executed Written Acknowledgement and shall keep a list identifying (a) all persons described in paragraphs 6(b), 6(c), and 6(d), above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Upon request, copies of all Written Acknowledgements executed pursuant to this Order shall be disclosed to the party who produced or supplied Protected Documents on good cause shown.

9. As the Protected Documents may only be distributed to Qualified Persons, Qualified Persons may not post Protected Documents on any website or internet accessible document repository, excepting a confidential vendor hosted review platform or secure website for the sole purpose of reviewing the information for the subject case and not for any other purpose, and shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents or the information contained within the producing party's Protected Documents.

10. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions (including exhibits) or other pretrial testimony and/or used as exhibits at trial, such documents, information, or testimony shall remain subject to the provisions of this Order. This Order includes deposition testimony dealing with the substance of Protected Documents, and Counsel may make a designation if she or he determines that Protected Documents are being used or have been used in the taking of a deposition. Counsel may make such a designation by stating orally on the record the day the testimony is given that the information is or is expected to be confidential, or by serving written notice on Counsel of Record within thirty days after receipt of the transcript.

Before such thirty day period expires, all testimony, exhibits, and transcripts of depositions or other testimony shall be treated as Protected Documents. The entire transcript will be deemed designated unless and until specific pages are identified.

11. In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; or (2) seeking permission to file the document under seal pursuant to the Court's local procedures for filing protected information. This duty exists irrespective of the duty to consult on the underlying motion.

12. With respect to Protected Documents, within forty-five (45) days after the conclusion of this case, counsel for the parties who received Protected Documents, including any documents that the receiving party disclosed to any person described in paragraph 6(c) or (d) above, shall return the Protected Documents to the producing party. In lieu of return, the receiving party must obtain the permission of the producing party to securely destroy the Protected Documents. In the event the producing party gives such permission, the receiving party must certify the destruction of the Protected Documents to the producing party within forty-five (45) days after the conclusion of this case.

13. Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality. All counsel shall take reasonable steps to avoid inadvertent or unintentional disclosure of Protected Documents.

14. The failure to designate a document that would be subject to protection under this Order with a confidentiality designation does not constitute a waiver and may be remedied by prompt written notice upon discovery of the failure.

15. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties or Order of the Court. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

16. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

17. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**CONSENTED TO AND AGREED:**

GREY AND GREY, LLP
*Attorney for Plaintiff*
360 Main Street
Farmingdale, New York 11735

_4/24_____, 2021        By: _____*Sherman B. Kerner*_____
                                 Sherman B. Kerner, Esq.

TANENBAUM KEALE LLP
*Attorneys for Defendant*
MANITOWOC ICE
100 Mulberry Street, Suite 1301
Newark, New Jersey 07102

_April 21_____, 2021    By: _____*Dennis Vega*_____
                                 Dennis E. Vega, Esq.

LAW OFFICES OF TOBIAS & KUHN
*Attorneys for Defendant*
AMC SERVICES, LLC
100 William Street, Suite 920
New York, New York 10038

_____, 2021     By: _____*Anthony Bianchi*_____
                                 Anthony Bianchi, Esq.

LEWIS BRISBOIS BISGAARD & SMITH LLP
*Attorneys for Defendants*
ECOLAB INC. AND NALCO COMPANY LLC (improperly identified as Nalco Water)
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102

_4/27_, 2021                By: _____
                                 Christopher U. Warren, Esq.

**ORDER**

IT IS SO ORDERED.

DATED: April 29, 2021       _____
                                 The Honorable Vernon S. Broderick, U.S.D.J.